

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 01 2024

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
8TH JUDICIAL CIRCUIT
CIVIL DIVISION

CANARY REED,                                                    PLAINTIFF,

V.                              CASE NO.: 4:24-cv-00554-JM

REMINGTON ARMS COMPANY, INC.,                                   DEFENDANT.

This case assigned to District Judge Moody
and to Magistrate Judge Ervin

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Canary Reed ("Plaintiff"), by and through her attorneys, John T. McGinnes, Esq., and Jody L. Shackelford, Esq., brings this action against Remington Arms Company, LLC ("Defendant" or "Remington"), for violations of Title VII of the Civil Rights Act of 1964 (as amended) and the Arkansas Civil Rights Act. Plaintiff seeks redress for enduring severe and pervasive discrimination based on race and gender, retaliation for her complaints against such discriminatory practices, and the creation and perpetuation of a hostile work environment that has systematically undermined her employment conditions and opportunities.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the claims arise under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) as the acts leading to the claims occurred within this district, and Defendant operates a business within this district.

## PARTIES

3. Plaintiff is a resident of the State of Arkansas, was employed by Remington in various roles in their facility located in Lonoke.

4. Defendant Remington Arms Company, Inc., is a corporation that conducts business in the Eastern District of Arkansas and may be served with process at its principal place of business, 2592 Highway AR-15, Lonoke, AR, 72086, or its registered agent listed as THE CORPORATION COMPANY, Agent Address, 124 WEST CAPITOL AVENUE SUITE 1900 LITTLE ROCK, AR 72201.

## FACTUAL ALLEGATIONS

### Specific Instances of Hostility and Sabotage

5. Plaintiff, a black female, was employed by Remington from [Start Date] until her wrongful termination on [Termination Date]. Throughout her employment, especially after being reassigned to the rotary cam sector—a department exclusively composed of white male employees—Plaintiff was subjected to continuous, unwarranted hostility and differential treatment compared to her white male counterparts.

6. On or around August 17, 2021, Plaintiff was falsely accused by a colleague of physical assault. This accusation led to Plaintiff being suspended for three days without any evidence or proper investigation as was extended to similarly situated white employees.

7. On multiple occasions, Plaintiff's tools and workspaces were sabotaged. For example, tools she engineered to improve operational efficiency were vandalized or discarded. This occurred particularly after she received commendation from maintenance for her innovations.

8. Plaintiff was often accused of work-related misconduct that she did not commit. For instance, she was blamed for mixing colored rings, a task for which she had already moved mixed rings aside and correctly organized them.

9. Plaintiff was regularly called into the office based on false accusations made by her colleagues, but management failed to provide details or substantiate these claims, leaving her feeling targeted and unsupported.

*Examples of Destroyed Tools and Tampered Workspace*

10.     Plaintiff engineered a tool to improve machine efficiency, which was met with hostility from her white male colleagues. This tool was found destroyed on multiple occasions, indicating deliberate sabotage.

11.     Plaintiff's workspace was regularly tampered with. For instance, she found her tools missing or broken, and items she had organized were displaced. These actions hindered her ability to perform her duties effectively and safely.

*Disparate Treatment Compared to Similarly Situated Employees*

12.     Plaintiff was required to clock in at a different location and wait in an isolated area for pre-shift meetings, unlike her white male rotary cam colleagues who used a common area. This procedural isolation was not communicated as mandatory and was selectively enforced against her.

13.     White male employees received promotions and pay raises while Plaintiff, despite her strong work ethic and innovations, was consistently overlooked and underpaid.

*Discriminatory Intent*

14.     A colleague, Nathan, informed Plaintiff that her race and gender were perceived as barriers within the company, explicitly stating, "you just weren't a white male." This comment underscores the discriminatory attitudes at Remington.

15. Plaintiff observed a pattern of similar discriminatory treatment towards her on a daily basis from her white male co-workers and management, including her segregation into different areas and disparate treatment that flowed from that, particularly after her complaints to management.

16. Management's response to Plaintiff's complaints was lackluster compared to complaints from non-minority or male employees. For instance, while Plainwtiff's grievances were ignored or dismissed, similar complaints from her white male counterparts were promptly addressed and resolved.

*Retaliation Link*

17. Plaintiff repeatedly raised complaints to HR about the discriminatory practices and hostile work environment. These complaints were met with further adverse actions, including her reassignment to the less desirable rotary cam sector.

18. Plaintiff's reassignment to the rotary cam sector was unusually punitive. The sector was known for its challenging conditions and hostility towards women and minorities, effectively setting her up for failure.

19. The requirement for Plaintiff to clock in and wait in an isolated area was implemented shortly after her complaints, indicating a retaliatory motive.

*Systemic Issues*

20. Remington's systemic neglect and the hostile environment are interconnected. Remington's lack of effective diversity and inclusion initiatives contributed to the pervasive discriminatory practices.

21. Remington's policies and practices failed to prevent or address discrimination, creating an environment where hostility towards minority and female employees was normalized and unchallenged.

22. Despite the possible existence of diversity initiatives, they were manifestly ineffective and ignored in Plaintiff's case, as evidenced by the continuous discriminatory treatment by white male employees and lack of support from management.

## CAUSES OF ACTION

**Count I: Employment Discrimination Based on Race and Gender (Title VII)**

23. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Defendant's actions, as described above, constitute unlawful employment practices under 42 U.S.C. § 2000e-2(a), involving discriminatory treatment, a hostile work environment, and adverse employment actions based on race and gender.

**Count II: Hostile Work Environment (Title VII)**

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. The actions of Defendant created a hostile work environment that was severe and pervasive enough to alter the conditions of Plaintiff's employment and create an abusive working environment.

### Count III: Retaliation (Title VII)

27. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. The adverse actions taken by Defendant following Plaintiff's complaints about discriminatory practices and hostile treatment constitute retaliation under 42 U.S.C. § 2000e-3(a).

### Count IV: Violation of the Arkansas Civil Rights Act

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Defendant's actions violated the Arkansas Civil Rights Act, which prohibits discrimination and retaliation similar to those proscribed by Title VII.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a. Reinstatement to her previous position or a comparable one.

b. Back pay and benefits, including interest.

c. Compensatory damages for emotional distress, pain and suffering, and inconvenience.

d. Punitive damages for malicious and reckless conduct of Defendant.

e. Injunctive relief requiring Defendant to implement policies, training, and oversight to prevent discrimination, harassment, and retaliation.

f. Attorney's fees and costs.

g. Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: 6/27/24
Respectfully submitted,
Canary Reed,
Plaintiff

BY: _____

Jody L. Shackelford, Esq.
AR Bar #: 2019037
58 Isleta Drive
Cherokee Village, Arkansas 72529
Phone: (870) 847-2120

Fax: 870-466-7704

Email: jodyshackelford@me.com

## CERTIFICATE OF SERVICE

I, Jody L. Shackelford, do hereby state that I have on this 27th day of June 2024, served a true and correct copy of the above and foregoing by U.S. mail, certified, delivery confirmation, return receipt requested to the Defendant's Registered Agent below:

THE CORPORATION COMPANY

Agent Address:

124 WEST CAPITOL AVENUE SUITE 1900 LITTLE ROCK, AR 72201

BY: _____

Jody L. Shackelford, Esq.

AR Bar #: 2019037